UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TOWNHOMES OF LAKE VALENTINE
ASSOCIATION, INC.,

Civil No. 24-1840 (JRT/DLM)

Plaintiff,

v.

COUNTRY MUTUAL INSURANCE
COMPANY,

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT

Defendant.

---

Alexander M. Jadin, Bradley K. Hammond, **SMITH JADIN JOHNSON, PLLC,** 7900 Xerxes Avenue S, Suite 2020, Bloomington, MN 55431, for Plaintiff.

Aaron Abelleira, Beth A. Jensen Prouty, **ARTHUR CHAPMAN,** 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN 55402, for Defendant.

This case arises from an insurance coverage dispute over roof damage. Plaintiff Townhomes of Lake Valentine Association, Inc. ("Plaintiff") owns six multifamily homes in Arden Hills, Minnesota, that are insured by Defendant Country Mutual Insurance Company ("Defendant"). After Plaintiff's property was damaged in a May 2022 hailstorm, the parties disputed the amount of loss. In 2024, the parties submitted arguments and proposed amounts of loss to an appraisal panel, and the appraisers issued a joint Appraisal Award document. The appraisers indicated the estimated amount needed for

partial roof replacement, but the Appraisal Award document explicitly noted that the appraisers "did not [a]ppraise [c]ode." Plaintiff now seeks reimbursement in excess of the amount indicated by the appraisers on the Appraisal Award on the grounds that the repair the appraisal would pay for would not comply with building codes.

On February 6, 2025, United States Magistrate Judge Douglas L. Micko issued an order requesting dispositive motions on a narrow legal question: whether Plaintiff "can demand insurance proceeds in excess of the appraisal award." In May 2025, the parties filed cross-motions for summary judgment. The Court concludes that Plaintiff can seek judicial review of an appraisal award on the grounds that it is based on an erroneous interpretation of the scope of required coverage as a matter of law. Therefore, the Court will grant Plaintiff's Motion for Summary Judgment as to this issue alone, deny the remainder of Plaintiff's motion, and deny Defendant's Motion for Summary Judgment.

## BACKGROUND

**I.      FACTUAL AND PROCEDURAL BACKROUND**

Plaintiff owns six multifamily residential buildings insured under an insurance policy provided by Defendant (the "Policy"). (*See* Compl. ¶¶ 2, 5, May 17, 2024, Docket No. 1-1.) After Plaintiff's property was damaged in a May 19, 2022, hailstorm, the parties disputed the amount of loss. (*Id.* ¶¶ 6, 9.) In December 2023, Plaintiff demanded an appraisal pursuant to the appraisal provision in the Policy. (*Id.* ¶ 10.) The appraisal provision mandates:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. . . . The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(Aff. of Bradley K. Hammond ("Hammond Aff."), Ex. A, May 30, 2025, Docket No. 29.)

Plaintiff filed their Complaint in Minnesota state court on April 25, 2024. (*Id.*) The Complaint alleges that Defendant committed breach of contract by failing to provide for appraisal and replacement of Plaintiff's loss and seeks declaratory judgment clarifying Defendant's coverage obligations. (Compl. ¶¶ 14–27.) On May 17, 2024, Defendant filed a Notice of Removal, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Not. Removal, May 17, 2024, Docket No. 1)

The Magistrate Judge held a pretrial conference on July 12, 2024. (*See* Docket No. 12.) That same day, the Magistrate Judge issued an Order In Lieu of Pretrial Scheduling Order stating that because the requested appraisal would soon occur, and "may resolve many disputes between the parties," the court would not yet issue a full scheduling order. (Order in Lieu of Pretrial Scheduling Order, July 12, 2024, Docket No. 13.)

Before that pretrial conference, the parties had each selected an appraiser, who in turn selected an umpire, as required by the Policy.[1] The parties each submitted a written

---

[1] Although an umpire was selected, his services were not engaged because the two appraisers agreed on the award. (Decl. of John Ortenblad ¶ 2, May 30, 2025, Docket No. 30.)

statement to the appraisal panel with their own assessment of the issues the panel needed to consider. (Decl. of Beth A. Jenson Prouty, Ex. B (submission by Defendant), Ex. C (submission by Plaintiff), May 30, 2025, Docket Nos. 34, 37.)[2] The appraisers conducted their inspection on July 18, 2024. (Decl. of John Ortenblad ¶¶ 2,5, May 30, 2025, Docket No. 30.) The appraisers issued their findings in August 2024. (Hammond Aff., Ex. B ("Appraisal Award"), May 30, 2025, Docket No. 29.) The panel found the replacement cost to be $396,209.46, and the actual cash value to be $390,836.89. (*Id.*) The Appraisal Award stated, "Appraisal Panel did not Appraise Code." (*Id.*)

On December 19, 2024, Plaintiff's counsel sent Defendant's counsel a letter stating that Plaintiff "will be seeking insurance proceeds in excess of the Appraisal Award pursuant to the Policy's Additional Coverage for Increased Costs of Construction for full roof replacement." (Prouty Decl., Ex. E.)

## II.   MAGISTRATE JUDGE'S ORDER PROMPTING MOTIONS FOR SUMMARY JUDGMENT

After receiving a series of status reports from the parties between July and February, Judge Micko issued an order setting deadlines for dispositive motions. (Order Setting Disp. Mot. Deadline, February 6, 2025, Docket No. 26.) In the order, the Magistrate Judge stated that the parties seemed to agree that there was one "legal issue

---

[2] Beth A. Jenson Prouty submitted her Declaration on May 30, 2025 (Docket No. 34), but the Exhibits to the Declaration were replaced with corrected Exhibits on June 11, 2025 (Docket No. 37).

that is ripe for a dispositive motion: **whether Lake Valentine can demand insurance proceeds in excess of the appraisal award**." (*Id.* at 2 (emphasis added).)  The Magistrate Judge noted that Defendant's position is that "[a]s a matter of law, Lake Valentine should be bound by the Panel's . . . award." (*Id.*)

The Magistrate Judge found "that the threshold issue now before the Court is ripe for a dispositive motion and requires no discovery," and ordered the parties to file dispositive motions on the issue by September 30, 2025.  (*Id.* at 3.)  His order stated that if the Court determines as a matter of law that Plaintiff can demand proceeds beyond the appraisal award, then additional factual disputes (including whether "reroofing was . . . necessary" and "the appropriate amount to replace the damaged shingles") would require discovery.  (*Id.*)

The parties filed cross motions for summary judgment on May 30, 2025.  (Pl.'s Mot. Summ. J., May 30, 2025, Docket No. 27; Def.'s Mot. Summ. J., May 30, 2025, Docket No. 31.)

**DISCUSSION**

**I.     STANDARD OF REVIEW**

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest on mere allegations or denials but must show, through the presentation of admissible evidence, that specific facts exist creating a genuine issue for trial. *Anderson*, 477 U.S. at 256 (discussing Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

## II.   MOTIONS FOR SUMMARY JUDGMENT

Both parties move for summary judgment on the legal question put forward in the February Order: whether Plaintiff can demand insurance proceeds beyond the appraisal award, or whether Plaintiff is bound by the appraisal panel's award as a matter of law. Plaintiff argues that the award issued by the appraisal panel did not provide the full extent of coverage required under Minnesota law, and that therefore, Plaintiff can seek judicial review of that award.[3] Defendant argues that the appraisal award must be enforced as issued and sets the upper limit of what Plaintiff can recover.

---

[3] Plaintiff's memorandum also presents arguments going well beyond the scope of this narrow question and asks this Court to resolve the merits of the case at this stage. The Court will address these arguments below.

The Minnesota Supreme Court has held that "[t]he scope of appraisal is limited to damage questions while liability questions are reserved for the courts." *Quade v. Secura Ins.*, 814 N.W.2d 703, 706 (Minn. 2012). The *Quade* court acknowledged that appraisers often "must determine many matters other than the mere value of specific property produced before them for examination." *Id.* at 707 (quoting *Am. Cent. Ins. Co. v. Dist. Court,* 147 N.W. 242, 244 (Minn. 1914)). But the court also emphasized that "an appraiser's liability determinations are not 'final and conclusive.'" *Id*. (quoting *Itasca Paper Co. v. Niagara Fire Ins. Co.*, 220 N.W. 425, 427 (Minn. 1928)). The court expressly stated that where appraisal requires consideration of mixed questions of law and fact, "the decision of the appraisers will be subject to review by the district court," thereby "giv[ing] force to the appraisal process but reserv[ing] to the courts the authority to decide coverage questions." *Id.* at 707–08. In sum, the Minnesota Supreme Court has made clear that where "appraisal award is flawed because it answers questions of liability outside the scope of the appraisal process, then the award can be challenged later before the district court."[4] *Id*. at 708.

*Cedar Bluff Townhome Ass'n, Inc. v. Am. Family Mut. Ins. Co.,* 857 N.W.2d 290 (Minn. 2014) provides a helpful illustration of these principles. In *Cedar Bluff,* after a

---

[4] Appraisal is distinct from arbitration. "Arbitration panels are the final judges of both law and fact . . . . This contrasts with our view that the authority of an appraisal panel is more limited in that appraisers have authority to decide the amount of loss but may not construe the policy or decide whether the insurer should pay." *Oliver v. State Farm Fire & Cas. Co.*, 939 N.W.2d 749, 752 (Minn. 2020) (citations omitted) (internal quotation marks omitted).

hailstorm damaged townhome buildings owned by Cedar Bluff, an appraisal panel concluded that each building needed the entirety of its siding replaced. *Id.* at 292. American Family, believing "the award was based on the appraisal panel's unauthorized coverage determinations," refused to pay the award. *Id.* The state trial court granted summary judgment to American Family, agreeing with their interpretation of the insurance policy. *Id.* at 292–93. The court of appeals reversed, reinstating the appraisal panel's award, and the Minnesota Supreme Court in turn affirmed the court of appeals. *Id.* at 293. The supreme court, by construing the language of the insurance policy and ultimately concluding that the appraisal award should not be disturbed, confirmed its jurisdiction "to determine if the appraisal panel properly concluded that [the insurer's] obligation to replace damaged property with property of comparable material and quality required it to replace damaged and undamaged property to achieve a color match." *Id.* The court reaffirmed its role of deciding whether the "appraisal panel applied the correct legal standard." *Id.* at 295.

*St. Matthews Church of God & Christ v. State Farm Fire & Cas. Co.,* 981 N.W.2d 760 (Minn. 2002) is also instructive. In *St. Matthews*, a church's drywall was damaged in a storm, and while assessing the storm damage to the building, city inspectors discovered hazardous cracks in the church's masonry beneath the damaged drywall. *Id.* Because these cracks rendered the building out of compliance with city code, the city would not issue St. Matthews a permit to fix the storm damage unless they first repaired the

masonry. *Id.* St. Matthews requested an appraisal, and the panel included the cost of repairing the masonry (as well as the drywall) in its award despite even though the masonry faults were unrelated to the storm. *Id.* at 763–74. When the dispute was brought to state court, "the parties agreed that they were bound by the appraisal panel's finding that the storm did not damage the masonry"—but were not bound by the appraisal panel's determination that State Farm was required by law to cover the repairs to the masonry. *Id.* at 763. The Minnesota Supreme Court, interpreting the language of Minn. Stat. § 65A.10, ultimately held that State Farm had no obligation to cover repairs to the masonry, and thus reversed that part of the appraisal panel's award. *Id.* at 769.

Applying the principles gleaned from these cases, the Court will grant in part Plaintiff's motion for summary judgment and deny Defendant's motion. The Court concludes that insofar as Plaintiff argues that the appraisal award is based on erroneous interpretations of the scope of coverage required by the Policy, the relevant building codes, and state statute, this case may continue.

Defendant urges that that this case can be resolved through a straightforward application of this Court's reasoning in *Creekwood Rental Townhomes, LLC v. Kiln Underwriting Ltd.,* another case concerning "the scope of [an] appraisal award and its preclusive effect," in which the Court ordered an appraisal award to be enforced in full over objections from both parties. 11 F.Supp.3d 909, 923 (D. Minn. 2014). But Defendant's interpretation of *Creekwood* is misplaced and is at odds with Minnesota

Supreme Court precedent. The *Creekwood* decision made clear that under Minnesota case law, there exists "a distinction between determinations of the appraisal panel that are given binding effect—the amount of loss and cause of the damage—and determinations of the appraisal panel that are subject to review by the district court— coverage questions and interpretation of policy exclusions." *Id.* at 926 (citing *Quade,* 814 N.W.2d at 707–08).

Summary judgment for Defendant would be warranted here if Plaintiff had "identified no reviewable errors in the appraisal panel's determination . . . ." *See Creekwood,* 11 F. Supp. 3d at 930. But Plaintiff contends that the appraisal panel—which explicitly stated that it "did not Appraise Code"—misinterpreted the required coverage under Minnesota law, given that Minn. Stat. § 65A.10 requires insurance to "cover the cost of replacing, rebuilding, or repairing any loss or damaged property in accordance with the minimum code as required by state or local authorities[.]" *See also Great Nw. Ins. Co. v. Campbell*, 24 N.W.3d 256, 265 (Minn. 2025) (clarifying that Minn. Stat. § 65A.10 requires "insurers to cover the cost of all repairs necessary to ensure that the damaged portion of the property can be repaired, replaced, or rebuilt in compliance with the state or local code that governs the damaged portion of the property.") While subsequent litigation will reveal the merits of Plaintiff's claim, this case involves an inquiry into Defendant's legal coverage obligations. Courts, not appraisal panels, have the final word

on these questions. The Court will therefore deny Defendant's motion for summary judgment on this threshold issue.

In this order, the Court expresses no view on the merits of Plaintiff's claim. Plaintiff devoted much of its memorandum arguing for summary judgment in its favor on the scope of required coverage in this case. Plaintiff's assertions on those issues exceed the bounds of the Magistrate Judge's order for dispositive briefing, which made clear that after resolution of this threshold legal question, ensuing factual disputes would require further discovery. The Court will deny Plaintiff's motion insofar as it pertains those merits questions.

## CONCLUSION

"The scope of appraisal is limited to damage questions while liability questions are reserved for the courts." *Quade*, 814 N.W.2d at 706. This case may proceed to the extent that Plaintiff claims that the appraisal award in this case is based on legal error and asks the court to interpret the scope of required coverage under the Policy, relevant building codes, or Minnesota statute. The Court will therefore grant in part and deny in part Plaintiff's Motion for Summary Judgment and will deny Defendant's Motion for Summary Judgment.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment [Docket No. 27] is **GRANTED in part** and **DENIED in part** as follows:

    a. Plaintiff's motion is **GRANTED** on the threshold question presented by the Magistrate Judge's Order Setting Dispositive Motion Deadline [Docket No. 26].

    b. Plaintiff's motion is **DENIED** as to all other issues.

2. Defendant's Motion for Summary Judgment [Docket No. 31] is **DENIED**.


DATED:  December 31, 2025            /s/ John R. Tunheim
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                     United States District Judge